## PHŒNIX INSURANCE CO. *v.* FAVORITE *et al.*

## ÆTNA INSURANCE CO. *v.* THE SAME.

## NORTH AMERICAN INSURANCE CO. *v.* THE SAME.

1. INSURANCE—*what property is embraced in the policy.* The owners of a packing establishment obtained a policy which covered "cattle and hogs and the product of the same, and salt, cooperage, boxes, and articles used in packing, in their stone and frame packing establishment, sheds and yards adjoining, their own or held by them in trust or on commission, or sold but not delivered": *Held,* that a quantity of coal in the yard, which was shown to be an article necessary to be used in carrying on the packing business, and the quantity on hand reasonable for the amount of business done in the establishment, was covered by the policy.

2. Nor did the use of the words in another policy, "articles used *for* packing," instead of "articles used *in* packing," affect the construction to be given to the instrument, in that regard.

3. Also, a quantity of barrels and tierces held by the assured on storage, were covered by the clause which embraced articles "held by them in trust or on commission," the term "trust" not having been used in that connection in any technical sense, but as applying to ordinary bailments.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. SLEEPER & WHITON, for the appellants, contended that coal used in carrying on the business of a packing establishment, was not covered by a policy upon "articles used in packing," citing *Hood* v. *Insurance Co.,* 1 Kernan, 532; *Mason* v. *Insurance Co.,* 12 Gill & J. 469; *Watchorn* v. *Langford,* 3 Camp. N. P. 422; *Liddle* v. *Insurance Co.,* 4 Bosw. 179; *Holmes* v. *Insurance Co.,* 10 Metc. 211; *Kent* v. *Insurance Co.,*

26 Ind. 294; *Washington Insurance Co.* v. *Merchant's Insurance Co.,* 5 Ohio, N. S. 450; *Wall* v. *Insurance Co.,* 3 Selden, 370; *Jennings* v. *Insurance Co.,* 2 Denio, 75.

Mr. I. N. STILES, for the appellees, on the same question, cited *Moadinger* v. *Mechanic's Fire Insurance Co.,* 2 Hall, 493; *Peoria Mar. and Fire Insurance Co.* v. *Lewis,* 18 Ill. 561; *Home Insurance Co.* v. *Favorite et al.,* 46 Ill. 263.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

These are three different actions, brought by the appellees, upon three several policies of insurance, issued to them by the different appellants. The policies covered "cattle and hogs and the product of the same, and salt, cooperage, boxes, and articles used in packing, in their stone and frame packing establishment, sheds and yards adjoining, on South Branch Chicago river, Chicago, Ills., their own or held by them in trust or on commission, or sold but not delivered."

The only difference between the policies, is that two of them have the phrase, " articles used for packing," instead of " articles used in packing," and counsel have called our attention to this difference, but we deem it wholly unsubstantial. The question in the case is, whether 200 tons of coal in the yard, bought for the purpose of carrying on the business of appellees, and a quantity of barrels and tierces held by them on storage, were covered by the foregoing clause of the policy.

In a case between these appellees and the Home Insurance Company, 46 Ill. 263, in which the policy contained this same clause, we held it was a question for the jury, to be determined upon the evidence, whether the coal in the yard was an article necessary to be used in packing, and if they should find it was so necessary, it would be covered by the policy. The circuit court, on the trial of these cases, submitted this question to

the jury, and they found for the plaintiff. On an examination of the evidence we think it sustains the verdict.

The phrase of the policy, "articles used in packing," clearly does not refer merely to the articles that may be employed in the single act of stowing the beef or pork in barrels. Its reasonable construction, as is evident from the context, is, that the parties designed to insure those articles in their "packing establishment, sheds and yards adjoining," which were used by them, not merely in the single act of packing, but in carrying on their packing business. It is shown, by the evidence, that this business, in Chicago, includes the slaughtering of the cattle and hogs, of rendering the tallow and lard, and the preservation of the meats in barrels and tierces. That the policy was issued with reference to this mode of transacting the packing business, and was designed to apply thereto, is evident from the fact that the clause of the policy now under consideration begins by enumerating "cattle and hogs," as the first objects of insurance, and then "the product of the same," and the property is identified as being in their "stone and frame packing establishment, sheds and yards adjoining." Certainly the local agents of the appellants, when they issued these policies, did not expect the cattle and hogs to be packed alive. They must have expected them to be slaughtered, and the tallow and lard rendered, and must have known that this is a part of the business of packing beef and pork in Chicago, as shown by the evidence. They were taking a risk on the personal property in a large "packing establishment," and they must be supposed to have known, and it is evident from the policy they did know, what was the nature of that business, and that it included the slaughtering of the cattle and hogs named in the policy, and the rendering of their tallow and lard. In construing this policy we must look for the intention of the parties, and we can not doubt, that in using the words, "articles used for packing," they designed to employ a phrase which should cover such articles used for the

business of the packing establishment as had not been specifically enumerated in the policy.

It is shown, by the evidence, that coal is necessary in such an establishment for various purposes, but chiefly for rendering the tallow and lard, and that the quantity on hand was reasonable for the amount of business done in the establishment.

A question is now, for the first time, made in regard to a steam engine which counsel for appellants infer was in the building, and the presence of which, it is urged, would avoid the policy. This question is not presented by the record, for it does not appear, unless by a very remote inference, that a steam engine was there. There is nothing in the evidence to justify the presumption.

The barrels of Cole and Sullivan were covered by the policy, which expressly applies to articles held in trust or on commission. We do not understand the term " trust" to be used in any technical sense, but to apply to ordinary bailments.

The judgment must be affirmed.

*Judgment affirmed.*