# Cannon Mills, Inc., v. John J. Flynn and George Gray, Copartners, Trading as Frankford Bleachery, Appellants.

*Assumpsit—Fire insurance—Damage to personal property owned by third party—Construction of policy—Liability of assured to third party.*

In a fire insurance policy covering property of others temporarily in possession of assured, the meaning of the words "in trust or on consignment" may be limited and controlled by the use of other words or clauses.

Where a fire insurance policy covered "property of the assured, held in trust or on consignment or sold but not removed, or belonging to others for which the assured is liable," and third party had placed goods in the custody of assured without any agreement as to insurance, the liability of the insurance company is limited to the liability of the assured, and in case of loss occasioned by fire, the third party cannot share in the proceeds of insurance collected from the insurance carrier by the assured.

Argued October 3, 1923. Appeal, No. 41, Oct. T., 1923, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1921, No. 1580, on verdict for plaintiff in the case of Cannon Mills, Incorporated, v. John J. Flynn and George Gray, copartners, trading as Franklin Bleachery. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover a share in the amount collected on policy of insurance. Before BALDRIGE, P. J., 24th Judicial District, specially presiding.

The opinion of the Superior Court states the facts.

Verdict for plaintiff in the amount of $1,036.25, and judgment thereon. Defendants appealed.

*Error assigned* was refusal of the defendant's motion for judgment non obstante veredicto.

*S. Floyd Moore,* and with him *James E. Gallen* and *Allen M. Stearne,* for appellants.

*W. Heyward Myers, Jr.,* for appellee.

Opinion by Gawthrop, J., November 19, 1923:

This action was in assumpsit to recover a share in the proceeds of insurance collected by defendants for a fire in their bleachery, in which goods belonging to plaintiff were damaged. Defendants conducted a bleachery at Frankford, Philadelphia, and had taken out certain policies of insurance amounting to $25,000, which were in force on October 9, 1920, when a fire occurred resulting in damage to defendants' property consisting of machinery and equipment, and to plaintiff's property consisting of a stock of spreads which had been delivered to defendants to be finished and bleached. Before any adjustment was made with the insurance companies, defendants were notified that plaintiff claimed to be entitled to the protection of the policies and demanded a proportionate part of the proceeds. This notice and the demand were ignored by defendants, who collected from the insurance companies $10,610.75 for their own loss. There was no agreement by defendants to insure plaintiff's spreads. The case is before us on an assignment of error to the refusal of defendants' motion for judgment non obstante veredicto.

By the express terms of the policies of insurance, the plaintiff was insured "on any and all property of every kind and description (whether required to be specifically insured by the conditions of this policy or not) appertaining to or used by the assured in the equipment, operation, management and conduct of the business of the assured, principally bleaching, dyeing, drying and finishing fabrics. Property of the assured, held in trust or on consignment or sold but not removed, or belonging to others for which the assured is liable, including the value of labor thereon," while contained in certain described

buildings.  Plaintiff's right to recover depends solely on the legal interpretation of these terms.  It contends that the words "property of the assured, held in trust or on consignment or sold but not removed, or belonging to others for which the assured is liable," cover five different classes of property:  (1) property of the assured; (2) property held in trust;  (3) property on consignment;  (4) property sold but not removed, and (5) property belonging to others for which the assured is liable. Defendants contend that but two classes of property are specified:  (1) the assured's own property;  (2) property of others for which the assured is liable.  The learned judge of the court below seems to have based his conclusion that the policies covered the goods which are the subject of this controversy on the ground that the goods were held in trust.  We do not have the benefit of his reasoning upon the clause of the policies quoted.  Is the language broad enough to include plaintiff's goods?  If the words "or belonging to others for which the assured is liable," were omitted, plaintiff's goods would be comprehended by the words "held in trust," a term not held to mean a technical, legal trust, but to cover goods entrusted to the insured as bailee: Siter v. Morrs, 13 Pa. 218; Pittsburgh Storage Co. v. Insurance Co., 168 Pa. 522; Home Insurance Co. v. Baltimore Warehouse Co., 93 U. S. 527; and defendants would be required to account to plaintiff for its proportionate share of the insurance: Johnson v. Stewart, 243 Pa. 485.  The difficulty arises from the words "or belonging to others for which the assured is liable."  That the intention of the parties to the insurance contracts was by these words to limit the liability of the company in respect to property not belonging to the assured, it seems to me impossible to doubt.  What other purpose could there be?  Property "held in trust or on consignment or sold but not removed" comprehends all property of others, by whatever kind of title or on whatever terms or conditions it might be held.  It follows that the clause "belonging to others

for which the assured is liable" is superfluous if it was meant, as plaintiff contends, to describe a distinct class of property of others covered by the policies. As stated in Joyce on Insurance, section 1728, "the meaning of the words 'in trust or on commission' may be limited and controlled by the use of other words and clauses." Such a limitation was contained in the policy in North British & Mercantile Insurance Co. v. Moffit, 7 L. R. Com. Pa. (Engl.) 25, which was "on merchandise, the assured's own, in trust or on commission, for which they are responsible, etc." It was contended in that case that the words "for which they are responsible" applied only to those immediately antecedent, viz, "on commission," and that the insurance company was liable because the goods were held in trust. The court held that the limitation applied to goods in trust and goods on commission, that the case was one in which the insurance companies limited their liability to the responsibility of the assured, and that the goods in question for which the assured was not responsible were not covered by the policy. Manifestly, in the case at bar, the policies, by express terms, limit the liability of the companies to the liability of the assured. This is the purpose of the clause, "belonging to others for which the assured is liable." It distinguishes the case at bar from Siter v. Morrs, 13 Pa. 218; Roberts v. Insurance Co., 165 Pa. 55; Pittsburgh Storage Co. v. Insurance Co., 168 Pa. 522; Home Insurance Co. v. Warehouse Co., 93 U. S. 527, and Johnson v. Stewart, 243 Pa. 485, relied upon by plaintiff. The clause can have no other purpose and would be meaningless and superfluous if not so construed. So interpreted the entire clause describing the property insured is made clear, and each part becomes operative and consistent with every other part. For these reasons we are constrained to hold that the learned court below fell into error in deciding that the policies covered plaintiff's goods.

The judgment is reversed and the record remitted to the court below with direction to enter a judgment in favor of the defendants notwithstanding the verdict.