## Sagransky v. The Tokio Marine and Fire Insurance Co., Ltd.

*Fire insurance—Construction of policy—Clothing of customers left with tailor destroyed by fire.*

Under a clause in a policy of fire insurance "on merchandise generally, including packages, wrappers and labels of all kinds, his own, held in trust or on consignment, sold but not removed, for which the assured may be otherwise liable, being the stock of tailor shop," the assured, a tailor engaged in the business of cleaning, pressing, repairing and altering clothes for customers, may recover for customers' goods destroyed by a fire.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 2, Phila. Co., Dec. Term, 1926, No. 17562.

*S. Nathaniel Golder*, for plaintiff; *Horace Michener Schell*, for defendant.

GORDON, JR., J., June 2, 1927.—This is a rule for judgment for want of a sufficient affidavit of defence. The plaintiff is a tailor who is engaged at No. 341 East Rockland Street, in a small way, in the business of cleaning, pressing, repairing and altering clothes for customers. A fire broke out on his premises, in which a quantity of his customers' goods were injured or destroyed. The defendant company, which had issued a policy of insurance upon the stock of plaintiff's shop, resists payment under the policy upon the ground that the injured goods are not covered by the terms of the policy. The clause of the policy defining the property covered, by it reads as follows: "On merchandise generally, including packages, wrappers and labels of all kinds, his own, held in trust or on consignment, sold but not removed, for which the assured may be otherwise liable, being the stock of tailor shop."

It is contended, following the recent case of Cannon Mills, Inc., *v.* Flynn et al., 82 Pa. Superior Ct. 298, that the clause "for which the assured may

be otherwise liable" limits the liability of the company in the case of a bailment or trust to the extent of the liability of the insured to the owner, and that, since the goods in question were held by the plaintiff as bailee, he is not responsible for them to the owners, and they are not covered by the policy. Undoubtedly this was the substance of the decision in the case referred to. The language of the policy in that case, however, was not the same as in the policy before us, and in the difference between the language of the two policies lies a radical distinction in their meaning and intent. In that case the language used was "Property held in trust or on consignment or sold, but not removed, or belonging to others, for which the assured is liable." Here the language is "his own, held in trust or on consignment, sold but not removed, for which the assured may be otherwise liable." In the former case the words "belonging to others for which the assured is liable" indicate a clear intention to make the insurer liable only in case the assured is liable. As is there pointed out by the court, they could have no other purpose than to limit liability, following as they do after words generally descriptive of the capacities in which the insured might hold goods. Here, however, the addition of the word "otherwise" indicates, with equal clearness, the intention of the parties carefully to include in the company's liability any possible capacity in which goods might be held by the insured, in addition to or "otherwise," than in the capacities already enumerated. "Otherwise" can refer to nothing else. For which the insured may be liable otherwise than what? Clearly otherwise than in the capacities already named. Had it been intended to make the company liable, apart from goods owned by the insured, only for goods of others for which he might be liable, the enumeration of capacities in which goods might be held would have been surplusage. That purpose could have been accomplished more easily and clearly by such a phrase as "his own, or for which he may be liable to others." This was not done, however. The longer form was adopted because it was clearly intended to insure everything in the shop which the insured held in any capacity. Indeed, when we consider the nature of the plaintiff's business and the fact that goods in such a shop would almost exclusively belong to others and be held in trust or under bailment, a fact that must have been known to the defendant company which drew the policy, it is scarcely conceivable that the interpretation contended for by the defendant was intended by the parties, at least so far as the plaintiff was concerned. It would have been a futile waste of money for the plaintiff to have purchased insurance reading as the defendant contends, for he had no goods except what belonged to his customers. To put such a meaning upon the words used would be to encourage trickery and fraud in the placing of insurance; it would give legal sanction to a practical nullification of the policy in advance, and it would also do violence to the cardinal principle of interpretation of contracts of insurance which should be considered liberally in favor of the insured: Bone v. Insurance Co., 261 Pa. 554; Livingstone v. Insurance Co., 255 Pa. 1, and to support indemnity and avoid a forfeiture: Mellon v. Insurance Co., 40 Pa. Superior Ct. 623; McClure v. Insurance Co., 242 Pa. 59.

Although the affidavit of defence denies liability under the policy, it admits that the goods were held by the insured as bailee. The denial is narrowly confined to the interpretation of the policy which we have rejected, and, therefore, it is unavailing to prevent judgment for want of a sufficient affidavit of defence. The parties are in agreement that the plaintiff held the goods as bailee, and the defendant is, therefore, liable to him under the policy for their loss.

Sagransky v. The Tokio Marine and Fire Insurance Co., Ltd.

The affidavit of defence is adjudged insufficient, and the rule is made absolute for judgment in favor of the plaintiff, and against the defendant, in the sum of $582.50, together with interest from Jan. 26, 1927.