## In re PODOLSKY.
### No. 20264.

District Court, W. D. Pennsylvania.

May 16, 1940.

Watson B. Adair, of Pittsburgh, Pa., referee.

Sachs & Caplan, of Pittsburgh, Pa., for C. I. T. Corporation.

Nathan H. Leventon, of Pittsburgh, Pa., for Anchor Lite Appliance Co. and Homestead Fire Ins. Co.

Maurice L. Kessler, of McKeesport, Pa., for Louis Shapiro, trustee.

SCHOONMAKER, District Judge.

We have for review three orders of the Referee, Watson B. Adair, denying claims of C. I. T. Corporation; Homestead Fire Insurance Company; and Harold W. Goldstein, trading as Anchor Lite Appliance Company; upon certain insurance moneys collected by the Trustee from insurance companies under the insurance policies of bankrupt covering merchandise in the premises occupied by bankrupt.

Property of claimants was in possession of bankrupt at the store at Braddock, Pennsylvania, under trust receipts or bailment contracts. All the merchandise in the store, including the property of claimants, was destroyed by fire prior to the filing of the bankruptcy petition herein. Bankrupt carried fire insurance on the merchandise in the store. The fire-loss was adjusted with the insurance companies on the basis of the full value of the goods destroyed, and not merely on bankrupt's equity therein. The adjusted amount thereof, $3,000, was paid to the trustee in bankruptcy. The claimants are claiming a proportionate amount of the insurance money paid to the trustee on the basis of the value of their properties which were destroyed by the fire.

The fire-insurance policies covered the following: "On retail stock of merchandise consisting principally of electrical appliances and all other goods, wares, and merchandise not more hazardous, kept for sale by the insured, not specified in the foregoing, his own, or sold but not removed, also on his interest in and his legal liability for similar property held by him as follows, viz.: in trust or on commission, or on joint accounts with others, or on storage or for repairs. * * *"

The Referee held that neither the trust receipts nor bailment contracts required bankrupt to maintain insurance on the goods covered by the trust receipts and bailment contracts; and that there was no evidence that their destruction was caused by negligence, and that the bankrupt had no legal liability for these goods.

This ruling was based on the authority of Cannon Mills v. Flynn & Gray, 82 Pa.Super. 298, which was an action by a bailor against a bailee for part of the insurance collected by the bailee, and in which the claim was denied because of a clause in the policy restricting the insurance to property for which the insured had expressly assumed liability. However, in the policies involved in the instant case, we find no such restriction. Here the provision is precisely similar to the one considered by the Pennsylvania Superior Court in Williams & Manning v. Southern Mutual Insurance Co., 108 Pa.Super. 148, 150, 151, 164 A. 128, in which that court pointed out the distinction, holding that the leased property was properly included as an item of loss. That fits the situation in the instant case. The property of claimants held by bankrupt under trust receipts and bailment contracts was property covered by the policies of insurance; and the items thereof properly entered into the computation of the loss sustained under the policies. The insurance companies recognized this liability and paid the trustee in bankruptcy an amount which included the value of claimants' property. In this situation, the insurance money received by the trustee, as far

as it covered the property held by the bankrupt under the trust receipts and bailment contract, must be regarded as held in trust for the owners, who are the claimants in this case. If this were not so, there would be an unjust enrichment of the bankrupt estate.

This view is supported by Home Insurance Company v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868; Siter v. Morrs, 13 Pa. 218.

The orders of the referee disallowing these three claims will be reversed; and he will allow them to the extent of their proportionate part of the insurance money received by the trustee and direct him to make payment thereof.