Loeb, Appellant, *v.* Ferber.

Argued January 7, 1943. Before MAXEY, C.J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Horace Michener Schell,* for appellant.

*Charles A. Wolfe,* with him *Montgomery, McCracken, Walker & Rhoads,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 29, 1943:

This appeal involves an action of assumpsit to recover the value of a fur coat.

On April 14, 1941, Emma G. Loeb, the appellant, delivered three fur coats to appellee, Jacques Ferber, a fur dealer, for the purpose of storage. At the time of delivery of the coats to him appellee signed a printed "Storage Receipt", providing as follows: "In consideration of $25.00 charges I hereby agree to keep the said articles free from damage by moths *and to return the said articles in the same condition as when received by me."* The form used also stated: "And further, it is

understood that I have caused the above goods to be insured against loss by Fire or Burglary up to the 31st day of December, 1941, for the amount of $———, the value hereby agreed upon by the bailor"; but this clause was stricken out on the receipt issued to appellant by a horizontal line drawn through its entire length. Upon the failure of appellee to return one of the fur coats, worth $3500, on demand, appellant instituted this action of assumpsit to recover its value. Appellee filed an affidavit of defense admitting his failure to return the coat but denying liability therefor on the ground that prior to appellant's demand for its return it had been stolen from his place of business by a trusted employee without any fault or negligence on his part. On the theory that the agreement "to return the said articles in the same condition as when received" obligated appellee to make good the loss of the coat irrespective of negligence, appellant filed a rule for judgment for want of a sufficient affidavit of defense. The court below discharged the rule after argument thereon, and this appeal followed.

While a bailee may, by special contract, assume the extraordinary liability of an insurer towards the bailed property, a covenant to insure may never be implied and will be imposed only where it is found in the agreement in clear and explicit language: Story on Bailments (9th ed.) section 35; 6 Am. Jur., Bailments, section 180. A mere agreement to return the bailed property, without more, does not impose such unusual responsibility; and the same is generally held though the promise is "to return in good condition", or as in the present case, "in the same condition as when received." The reason for this is well stated in *Young v. Leary,* 135 N. Y. 569, 32 N. E. 607, as follows: "When language is used which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself, the party using the language is no further bound than he would have been without it." See also *Mulvaney v. King Paint Mfg. Co.,* 256 Fed. 612; *Cary-Davis Tug & Barge Co. v.*

*Fox,* 22 Fed. (2d) 64; *Sawyer v. Wilkinson,* 166 N. C. 497, 82 S.E. 840; 6 Williston on Contracts (Rev. Ed. 1938), section 1946; 6 Am. Jur., Bailments, section 182. Here there is more reason for so holding than in the usual case in view of inclusion in the form of agreement of the specific provision for obtaining insurance which was stricken. If that provision had been permitted to remain as part of the contract between the parties, it would undoubtedly have indicated that appellant should be entitled to the higher protection contended for, but by the same token elimination of the provision would seem to indicate that the affording of such protection was not contemplated. As the court below states: "It is obvious from the contract that taking out the insurance was not for the protection of the bailee, but for the bailor, and that, if the bailor wished to be so protected, there was an additional fee for that added security." The sum mentioned as the consideration for appellee's services was plainly nominal and, considering the value of the bailed articles, was obviously intended to cover storage only.

*Hoy v. Holt,* 91 Pa. 88, *Gettysburg Electric Railway v. Electric L. H. & P. Co.,* 200 Pa. 372, and *McKinley v. Jutte & Co.,* 230 Pa. 122, cited to us by appellant, are not controlling, since they involved a promise by the bailee or lessee not merely to return the bailed or leased property but also to keep it in repair. The distinction between the two classes of cases, so far as concerns the liability of the bailee or lessee, is pointed out by Judge KELLER in *Brinton v. School Dist. of Shenango Twp.,* 81 Pa. Superior Ct. 450, where the following appears at 454-55: ". . . the defendant might have expressly covenanted in the lease to repair the building and rebuild it in the event of its destruction by casualty, in which event, it would have been obliged to restore the building if destroyed by casualty, whether the result of negligence or accident: *Hoy v. Holt,* 91 Pa. 88; *Gettysburg Electric Ry v. Electric L., H. & P. Co.,* 200 Pa. 372; *McKinley v.*

*Jutte,* 230 Pa. 122. The agreement in this case was not so broad; it was to return the property in as good shape as when received. Such an agreement binds the lessee to restore the building, or pay the damage, if injured by fire as the result of his negligence, though not, if destroyed by accident without negligence on his part . . ." See also *Sun Printing & Publishing Assn. v. Moore,* 183 U. S. 642; Annotation, 45 A. L. R. 29.

We conclude, therefore, that the language relied upon by appellant as enlarging appellee's common law liability to that of a virtual insurer cannot be given such effect, but must be construed simply as an attempt to express the general obligation imposed upon appellee by law; and this conclusion is confirmed by a fact which, although not part of the record, was disclosed at the oral argument, namely, that appellant did herself insure the coat in question against loss and has actually received its value from her insurance carrier. It follows that appellee is not liable to appellant for the loss occasioned by a theft of the coat, occurring wholly without his fault, and that the refusal of the court below to enter judgment for want of a sufficient affidavit of defense was proper: *Smith v. Cohen,* 116 Pa. Superior Ct. 395; *Wendt v. Sley System Garages,* 124 Pa. Superior Ct. 224; Annotations, 26 A. L. R. 223, 48 A. L. R. 378.

Appeal dismissed at appellant's cost.