Cohen, Appellant, *v.* Carol et al.

Argued October 4, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Simon Shapiro,* with him *Milton H. Weissman,* for appellant.

*Judah Zelitch,* for appellees.

OPINION BY RENO, J., December 9, 1943:

Plaintiff appealed from a decree of the court below sustaining preliminary objections to his bill in equity, dismissing the bill and entering judgment for defendant.

The principal parties to the bill are Samuel A. Cohen, plaintiff, and Max N. Carol, defendant, both real estate brokers. Mae S. Gelb is the owner of the real estate involved in the suit and Morris B. Gelb is her husband.

Henry Goodman is the person in whose name title to the real estate has been or is to be taken, and the Land Title Bank and Trust Company is in charge of the final settlement.

By his bill appellant seeks equitable relief upon the general ground that Carol is his agent. Stripped of unnecessary details, it avers in substance that appellant employed Carol as his real estate broker to purchase the Gelb real estate for him for $3,500, subject to a certain encumbrance; that Carol purchased the property in his own name or in the name of a strawman, Goodman, for less than $3,500; and that plaintiff is entitled to an accounting for the secret profit made by Carol as appellant's agent.

Appended to the bill as exhibits are two letters written by plaintiff to Carol. In the first, dated January 5, 1943, plaintiff writes: "After examining the above property I agree to *buy* from you as soon as you are ready or *acquired same* for the price of" following which are stated the terms of the proposed purchase. In the second letter, dated January 23, 1943, plaintiff writes: "In furtherance regarding the above property I hand you herewith the $3,500 by check which you are to apply as the price for the above property after *you yourself* have acquired same ...... *This to take place of a formal agreement of sale.* No representations oral or otherwise shall be recognized unless they are mutual agreed upon in writing." (Italics in both letters supplied.)

It is apparent that the exhibits contradict the averments of the bill. In the bill, appellant alleged that Carol was his agent; the letters show that the relation between the parties was that of seller and buyer. The preliminary objections were directed to this inconsistency and the court below held that "the written agreement between the parties shows clearly on its face, the nature and character of the understanding between the

parties. The relationship of vendor and vendee is manifest. The attempt to show the relationship of principal and agent is abortive."

Appellant argues that upon preliminary objections the allegations of the bill must be taken to be true, and that thereby appellee admitted the relation of principal and agent. Preliminary objections in equity do indeed serve the office of demurrers in law. But even demurrers or affidavits of defense raising questions of law do not admit the validity of conclusions of law contained in the pleading under attack: Cf. *Architectural Title Co. v. McSorley,* 311 Pa. 299, 166 A. 913. The preliminary objections, therefore, did not admit the existence of the relation of principal and agent. Moreover, "if there is any inconsistency between the allegations of a bill and a written instrument attached thereto as an exhibit, the latter will prevail ...... and hence a demurrer does not admit the truth of averments in the bill conflicting with the exhibit": 30 C. J. S. "Equity" §283. "A demurrer ...... does not admit ...... the accuracy of an alleged construction of an instrument when the instrument itself is set forth in the bill, or a copy is annexed, against a construction required by its terms": *Dillon v. Barnard,* 21 Wall. 430; 22 L. Ed. 673, quoted in *Kaufmann v. Kaufmann,* 222 Pa. 58, 65, 70 A. 956.

The bill, taken as a whole, is an attempt to vary the terms of written instruments by parol evidence in violation of the rule announced in *Gianni v. Russell,* 281 Pa. 320, 126 A. 791. This cannot be permitted.

Decree affirmed.