## Harrison Music Co. v. Colonial Underwriters

*Metz, McClure, Hanna & MacAlister*, for plaintiff.

*Evans, Ivory & Evans* and *Bowytz & Bowytz*, for defendants.

ALPERN, J., October 7, 1955.—Plaintiff, M. Joyce, trading as Harrison Music Company, of Allegheny County, filed two complaints in assumpsit against the

above named insurance companies, defendants, and W. M. Winterhalter, as an individual defendant, seeking to recover the value of certain of her property destroyed in a fire in Mr. Winterhalter's restaurant. Defendant Automobile Insurance Company of Hartford, Connecticut, and defendant Colonial Underwriters of the National Fire Insurance Company of Hartford, Connecticut, are stock insurance companies chartered by the State of Connecticut, duly licensed to do business in Pennsylvania, each having an office in the City of Pittsburgh. The insurance companies are named as defendants on the basis of the fact that both companies issued fire insurance policies on June 28, 1953, to defendant Winterhalter, covering all the contents of the Winterhalter restaurant located on Route 19 in Peters Township, Washington County.

Winterhalter is named as defendant because plaintiff alleges that her property was destroyed due to his negligence, and also because of a contract between Winterhalter and plaintiff. Plaintiff alleges that the value of her property was $2,609.45. She seeks to recover this amount from the insurance companies because of a clause in each insurance contract which reads as follows:

"Property covered: (b) Property sold but not removed, also the insured's interest in and legal liability for property held by the insured as follows: in trust or on commission, on joint account with others, on storage, for repairs, or otherwise held."

Plaintiff claims that this clause gives her the right to recover at this time from both companies. Plaintiff does not allege that she paid any part of the consideration for the insurance policies or that there is any agreement between her and defendant Winterhalter that he take out insurance on her property left on his premises. When defendant Winterhalter filed his claim

for damages due to fire, he did not include the value of plaintiff's property.

Plaintiff alleges that, on April 30, 1954, she installed in Mr. Winterhalter's restaurant certain coin operated music and cigarette vending machinery pursuant to a contract between plaintiff and defendant Winterhalter dated April 24, 1954. The terms of that contract are as follows:

"EXCLUSIVE CONTRACT

Winterhalter's Restaurant

R. D. #2

"Place  Bridgeville, Pa.

"Dated  April 24, 1954

"Harrison Music Co.

372 Helen St.

McKees Rocks, Pa.

"Gentlemen:

(1) "In consideration of the sum of $500.00, the receipt of which is hereby acknowledged, you are hereby requested to install on my premises, herein and hereby represented by me as the owner of said premises, your mechancial coin operated devices, handled by you as well as other merchandise and services, for a period of 2 years from the date hereof, hereby giving and granting to you the exclusive right and privilege for the vending of the said merchandise through your coin operated machines for a period of 2 years from the date hereof, the said machines to be maintained and serviced by you at your discretion as to the necessity thereof, and to effectuate the same, hereby giving and granting to you, your agents, servants and employees acting in their capacity as such, free access in and about the premises of the undersigned during all business hours for the term of aforesaid contract or for any renewal thereof.

(2) "This contract is entered into by Company upon the express warranty and representation by Proprietor

426

that Proprietor owns and operates the business conducted at the premises mentioned above.

(3) "It is further agreed that, at its option, Company shall have the right to renew this contract for a like period, unless Proprietor notifies Company to the contrary in writing no less than 60 days before the end of the term hereof, the consideration for such extension to be the payment of the then prevailing rates of commission paid through the vending machines and coin operated devices.

(4) "In the event Proprietor's business, operated at the above premises, within one year from date hereof, is sold, transferred, disposed of or discontinued whether voluntarily or otherwise there is to be paid to Company by Proprietor the pro rata portion of cash consideration, paid to the Proprietor, as the unexpired portion of this contract, bears to the full period hereof. It is agreed that in the event of change of ownership of the aforesaid business written notice of such change shall be given at once to Company by Proprietor giving the name of the new owner and the date such change will be made and become effective.

(5) "The proprietor agrees not to remove nor to permit the removal of the Company's machines from location or locations on the premises hereinbefore mentioned by anyone other than the authorized representative of the Company.

(6) "This contract is to bind the parties hereto, their heirs, executors, administrators, successors and assigns with the intention to be legally bound hereby.

(7) "IN WITNESS WHEREOF the parties have hereunto set their hands and seals the day and year above written.

"s/ W. M. WINTERHALTER [SEAL]
Proprietor
"Witness: Trading as *Winterhalter's Restaurant*
JOHN HECHT Address *R. D. 2, Bridgeville, Pa.*"

(Paragraph numbers supplied for convenient reference.)

On June 13, 1954, while the insurance policies dated June 28, 1953, were still in full effect, a fire destroyed all the property, including that of plaintiff, located in the Winterhalter restaurant. Plaintiff alleges that she lost her property due to the negligence of defendant Winterhalter, and seeks to recover from him the sum of $2,609.45.

Plaintiff also alleges that defendant Winterhalter breached their contract when he refused to return a sum of $465.98 which represents a pro rata portion of the $500 cash consideration given to defendant Winterhalter by plaintiff under the contract of April 24, 1954. Plaintiff bases this claim on paragraph four of the contract, claiming that the business is discontinued within the meaning of the contract.

Plaintiff furthermore alleges that, due to the fault of defendant Winterhalter, she has lost and continues to lose profits during the unexpired term of the contract. She seeks damages in the sum of $2,500 for this loss of profits.

All three defendants filed preliminary objections to plaintiff's complaints. The disposition of these preliminary objections is now before this court.

Defendants' preliminary objections may be summarized as follows:

1. *Demurrer.* There is no cause of action stated, because no facts are stated showing any legal liability on the part of defendant Winterhalter for the destruction of plaintiff's property. There are alleged no facts to establish any contractual relation between defendants and plaintiff arising out of the insurance contract.

2. *Real Party in Interest.* Plaintiff is not the real party in interest.

3. *Misjoinder of Causes of Action.* Plaintiff seeks to join a cause in assumpsit with one in trespass.

4. *Petition for More Specific Pleading.* No facts are alleged to support the allegation of negligence on the part of defendant Winterhalter.

This opinion will first deal with the objections as they relate to the insurance companies.

I. *There is no cause of action stated against defendant insurance companies. Plaintiff is not the real party in interest.*

It is the contention of plaintiff that her right to recover from both insurance companies rests on that clause of the insurance contract covering "property sold but not removed, also the insured's interest in and legal liability for property held by the insured as follows: in trust or on commission, on joint account with others, on storage, for repairs, or otherwise held." Without this clause, plaintiff's case would fail against the insurance companies.

Does this clause include the property of plaintiff, whether on Winterhalter's premises under a bailment arrangement or a lease? It is plaintiff's theory that the relationship of bailor and bailee existed between plaintiff and defendant Winterhalter. For purposes of discussion, the court assumes that a bailment existed.

In Cannon Mills v. Flynn & Gray, 82 Pa. Superior Ct. 298 (1923), defendants had collected on a fire insurance policy. In the fire, plaintiff's goods, on defendants' premises, were damaged. Plaintiff brought action in assumpsit for a share in the proceeds of the policy. In that policy, as in the policies in the case at bar, there was this clause as to property covered:

"Property of the assured, held in trust or on consignment or sold but not removed, or belonging to others for which the assured is liable, . . . "

The court said that the recovery of plaintiff depended on this clause. The words "in trust" which appear above and appear also in the clause of the policies in the present case, were said not to mean a

technical trust, but to cover goods entrusted to defendant as a bailee. The court said that if these words stood alone, then there would be a recovery on them. But, as in the present case, the words do not stand alone. They are qualified with the words, "for which the assured is liable". In the case at bar, there is also a limiting phrase. The insurance companies limited their liability in respect to property not belonging to Winterhalter to "the insured's interest in and legal liability for" such property. In the Cannon Mills case, the court stated the following:

"Manifestly, in the case at bar, the policies, by express terms, limit the liability of the companies to the liability of the assured. This is the purpose of the clause, 'belonging to others for which the assured is liable'. . . . The clause can have no other purpose and would be meaningless and superfluous if not so construed."

This court believes that the same statement applies to the case at bar. By the very wording of the clause on which plaintiff seeks to recover, defendant insurance companies have limited their liability to the legal liability of the insured defendant Winterhalter.

In Sagransky v. Tokio Marine and Fire Insurance Co., Ltd., 92 Pa. Superior Ct. 500 (1927), the court said that plaintiff was in error when he said that his insurance policy covered certain customer goods. The court there held that in the absence of a showing of liability of plaintiff to his customers, the insurance company was not liable to pay anything, stating the "policy covered only to the extent of plaintiff's liability to his customers, whatever the evidence may show that to be . . . the assured was indemnified against any loss he might sustain by his contracts with his bailors." The court added that it was a matter for trial to determine if plaintiff had become liable to his bailors. If he had not, then he had sustained no loss and the insurance company was not liable.

In McCoy v. The Home Insurance Company, 170 Pa. Superior Ct. 38 (1951), plaintiff was a bailee of certain equipment placed in his restaurant. The equipment was destroyed by fire, and plaintiff was seeking to recover the balances due his bailors on the bailment leases. The court said:

"The policy insured plaintiff 'to the extent of the *actual cash value* of the property at the time of loss, . . . (but) in any event for (not) more than the *interest of the insured.*'

"Attached to the policy was a 'Contents Form', describing in general terms the property covered by the policy, including:

"(1) 'Property sold but not removed, *also the insured's interest in and legal liability* for property held by the insured as follows: *in trust* or on commission, on joint account with others, on storage, for repairs, *or otherwise* held; . . . '

"(2) 'Subject in all other respects to the terms and conditions of this policy, this insurance is hereby extended to cover the insured's interest in and liability for property herein described purchased on any credit or installment plan . . . ' (Italics added.)

"The policy and clauses (1) and (2) insure the *interest* of plaintiff in the property, not the property itself. . . . Here only the *interest* of plaintiff in his property, and in property held by him *'in trust . . . or otherwise held'* was insured. The actual cash value of his interest in the equipment was not greater than the installments he had paid upon the bailment leases, and that amount was paid to him. Plaintiff's further claim, if any, rests upon clauses (1) and (2). These clauses protected more than plaintiff's *interest* in the equipment; they insured his *legal liability* in respect to it. The question then is: What legal liability rested upon plaintiff by virtue of the bailment leases?": pp. 40-41.

"The words 'in trust . . . or otherwise held' in clause (1) insured the legal liability which plaintiff incurred under the bailment leases. Williams & Manning v. Southern Mut. Ins. Co., 108 Pa. Superior Ct. 148, 164 A. 128. But in the absence of a contract to insure or to be responsible as an insurer in respect of the bailed goods the bailee is required to exercise only due care, and his obligation is not enlarged or increased by an express agreement to return the articles in the same condition as when received. Loeb v. Ferber, 346 Pa. 348, 30 A. 2d 126. He is not liable for loss incurred by fire, Schell v. Miller North Broad Storage Co., Inc., 142 Pa. Superior Ct. 293, 16 A. 2d 680, unless the fire results from his negligence. Schell v. Miller North Broad Storage Co., Inc., 157 Pa. Superior Ct. 101, 42 A. 2d 180. In his complaint plaintiff averred that the fire 'occurred wholly without the (his) fault, negligence or connivance . . . ' and thus established his freedom from liability to the bailors of the soda fountain and the slicing machine. Since plaintiff incurred no legal liability as to them, defendant incurred no liability to him under clauses (1) and (2)": p. 43.

It has been clearly stated in the cases cited above that such clauses as plaintiff relies on in the case at bar are interpreted by our courts as meaning that the insurance company issuing the policy containing such a clause cannot be held liable for payment for such goods as are not the insured's unless there can first be shown that the insured has suffered a loss, is himself legally liable. As it was phrased in Spires v. Hanover Fire Insurance Co., 364 Pa. 52 (1950), p. 56:

"A policy of fire insurance is a personal contract of indemnity against such loss as the *insured* may sustain; the insurance is not of the property as such, but of the *interest of the insured in* the property"

In the present case, plaintiff has not stated a cause of action against defendant insurance companies, be-

cause it has not yet been decided whether or not there is any legal liability on the part of the insured, Winterhalter. As was said in Sagransky v. Tokio Marine and Fire Insurance Co., supra, such existence or nonexistence of liability on the part of Winterhalter must wait until the evidence is heard at trial. In the case of Borowsky v. Margulis, 310 Pa. 420, 423, our Supreme Court quoted with approval the following passage from 31 C. J. 440:

" 'If the indemnity is against the payment of money, the indemnitee must in general make actual payment, or that which the law considers equivalent to actual payment. Thus, in order to entitle an indemnitee to recover upon a contract of indemnity against a loss or damage involving payment, it is sufficient that he has given his own note in settlement of his liability, where such note is accepted as a payment, although the note so given has not yet been paid.' "

In Goldin on The Law of Insurance in Pennsylvania, vol. 1, page 522, part of section 641, the author says:

"The strict 'indemnity' policy is a contract for indemnity only for money paid. No right to receive payment accrues to the insured until he has made actual payment in satisfaction of the claim against him, and consequently in the event of insolvency or bankruptcy of the insured, the insurer is released in whole or in part of his liability."

And at page 525, part of section 643, it is said:

"As to the liability policy, the courts have recognized the right of the injured party to obtain redress directly from the insurer, *if payment could not be obtained on a judgment rendered against the insured.* The injured party is allowed to attach the funds in the hands of the insurer. *The claimant may also bring an action on the contract,* either in his own name, or in the name of the insured to his use, against the insurer, *after such claimant has sustained damages under the policy,*

*and obtained judgment against the insured."* (Italics ours.)

It is to be noted that a fire insurance policy is a contract of indemnity, and the insurance company owes nothing until the insured has sustained a loss: Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 56 (1950). Until plaintiff can show that insured defendant Winterhalter has sustained a loss, there can be no recovery against the insurance companies.

The objection that plaintiff is not the real party in interest, Pa. R. C. P. 2002, does not assume any importance until, as a matter of substantive law, it has been determined that there is a right. "Rule 2002 does not purport to affect the substantive rights of anybody." It has "no relevancy as to whether or not these plaintiffs have any substantive right . . . ": Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 64, concurring opinion by Mr. Chief Justice Maxey. Plaintiff in the case at bar has no substantive right against defendant insurance companies. Until it is established that a right exists, the raising of the question as to who is the real party in interest is premature. The words of the majority opinion in the Spires case, supra, at page 57, are peculiarly apt:

" . . . From what has heretofore been said it is clear that plaintiffs are *not* the real party in interest, for the real party in interest in any given contract or chose in action is the person who can discharge the duties created and control an action brought to enforce rights,—not necessarily the person who may be ultimately entitled to the benefit of any recovery obtained nor the person beneficially interested therein: Goodrich-Amram, §2002(a)-3; Kusmaul v. Stull, 356 Pa. 276, 280, 51 A. 2d 602, 604. To be the real party in interest one must not merely have *an interest in the result of the action* but must be *in such command of the action* as to be legally entitled to give a complete

acquittance or discharge to the other party upon performance. It is obvious that plaintiffs did not have the right to discharge defendant's obligations under this policy; only a release by the named insured could effect such a discharge."

It is the opinion of this court that there is no substantive right of plaintiff against defendant insurance companies and that, therefore, there is no cause of action stated in the complaints, that such a right will not exist until and if it is shown at trial that defendant insured Winterhalter has sustained a loss for which defendant insurance companies have agreed to indemnify him, that plaintiff not being a named insured cannot give a discharge to the insurance companies even if such a loss is shown, and that, therefor, plaintiff is not the real party in interest as required by Pa. R. C. P. 2002. For the above reasons, the demurrers of defendant insurance companies are sustained, and the action as to them is dismissed.

It is, therefore, unnecessary to discuss the other objections in relation to the insurance companies.

II. *Plaintiff has not misjoined two causes of action.*

In count 2 of the complaint filed by plaintiff against the Automobile Insurance Company of Hartford, Connecticut, and Winterhalter, plaintiff lists the articles placed in defendant Winterhalter's restaurant by plaintiff. After listing their value, plaintiff alleges that: "All contents of the building, including the contract property, were totally destroyed by fire caused or permitted as the Plaintiff is informed, believes and therefore avers, by the negligence of the Defendant, Winterhalter".

In count 3, plaintiff alleges that under the terms of the contract between plaintiff and Winterhalter dated April 24, 1954, plaintiff has due her the sum of $465.98, which represents the pro rata portion of the $500 cash

consideration given to Winterhalter by plaintiff. Paragraph 16 under count 3 reads as follows:

"16. Under the terms of said contract, the Defendant, Winterhalter, agreed that 'in the event proprietors business, operated at the above premises, within one year from date hereof is sold, transferred, disposed of or discontinued whether voluntarily or otherwise, there is to be paid to Company by Proprietor the pro rata portion of cash consideration paid to the Proprietor, as the unexpired portion of this contract bears to the full period hereof.' "

In count 4, plaintiff alleges that, due to the negligence of defendant Winterhalter, plaintiff has suffered and continues to suffer a loss of profit.

Defendant Winterhalter urges that these counts cannot be asserted in one complaint, that count 2 states a possible cause of action in trespass, counts 3 and 4 in assumpsit. This is not so. Plaintiff seeks in each of the counts to recover because of an alleged breach of contract on the part of defendant Winterhalter. In alleging that Winterhalter negligently caused or permitted the fire, plaintiff has merely alleged a possible cause for the breach of contract if it develops that such breach exists. If plaintiff had wished, she could have filed a complaint in trespass alleging defendant Winterhalter's negligence. If evidence sustained her, she would recover in trespass. But plaintiff is not limited to trespass. She may waive the tort and sue on the contract if she chooses. She has so chosen. Plaintiff asserts that the contract entered into by her and Winterhalter is a contract of bailment. As it is said in Madrid Motor Corporation v. Dawson, 166 Pa. Superior Ct. 451, 453:

". . . it is immaterial . . . whether the action is in trespass or assumpsit. The rules of law as to the liability of a bailee . . . are exactly the same in either case, unless the alleged written contract imposes a heavier

burden. The same proof, the same burden of proof, the same measure of damages, exist in either instance."

Plaintiff has elected to stand on the written contract, alleging a breach thereof. This is her right. There is no misjoinder of causes of action, and defendant Winterhalter's preliminary objection on this point is dismissed.

III. *Plaintiff has stated a cause of action against defendant Winterhalter.*

Plaintiff has asserted three causes of action against Winterhalter. The first is based on failure of an alleged bailee to return certain goods of his bailor. Such an action is good whether the contract of bailment be written or implied: Madrid Motor Corporation v. Dawson, supra. Plaintiff has attached a copy of the contract which she says is one of bailment. She claims that the contract has been breached and that, because of said alleged breach, she is due damages. This is a sufficiently stated cause of action. The second and third causes of action are likewise based on this contract and its alleged breach. The second cause is to enforce a clause in this contract. The third cause is for loss of profit due to the alleged breach of contract on the part of defendant. Loss of profit may sound in tort, but under the reasoning of the Madrid case above, the measure of damages being the same in either trespass or assumpsit, the court is not constrained to require a separate action in trespass for this cause. The allegations of plaintiff that the contract was one of bailment, that it was breached and that she is due damages because of said breach are denied by defendant Winterhalter.

Defendant Winterhalter claims that the contract was a landlord and tenant relationship, a lease and not a bailment. The relationship of defendant Winterhalter and plaintiff is material to a final decision in this case. It will not be clear until trial has been had

and evidence adduced just which party will succeed. This is a case involving relationships demanding an inquiry into the facts of the controversy. Such a case should go to trial: Helfenstein v. Line Mountain Coal Co., 284 Pa. 78 (1925). The court will not grant summary judgment unless the case is clear and free from doubt: Automobile Banking Corp. v. Williamsport Nat. Bank, 336 Pa. 298 (1939) ; London v. Kingsley, 368 Pa. 109 (1951).

The demurrer of defendant Winterhalter is dismissed.

IV. *In alleging negligence, plaintiff has alleged no facts which, if proved, would sustain the allegation.*

Defendant Winterhalter has asked the court to order plaintiff to file a more specific complaint, averring particularly the facts on which the allegation of negligence is based. Plaintiff has merely alleged that her goods were destroyed by fire on the premises of defendant Winterhalter and that this fire was caused or permitted by the negligence of defendant Winterhalter. No facts were alleged which, if proved, would support this allegation. Defendant has a right to know on what facts an allegation is based. Without such pleading of facts, plaintiff has merely pleaded a conclusion of law when she says defendant was negligent. This is not enough. Defendant Winterhalter's motion for more specific pleadings is sustained.

### Order of Court

And now, to wit, October 7, 1955, after briefs and preliminary objections filed and oral argument heard, it is ordered that the preliminary objections in the nature of a demurer of Colonial Underwriters of the National Fire Insurance Company of Hartford, Connecticut, and Automobile Insurance Company of Hartford, Connecticut, are sustained; the actions as to these defendants are dismissed.

438

Eo die, exceptions noted to plaintiff and bill sealed.

*Order of Court*

And now, to wit, October 7, 1955, after briefs and preliminary objections filed and oral argument heard, it is ordered that the preliminary objection in the nature of a demurrer of W. M. Winterhalter is dismissed, and the motion of W. M. Winterhalter for more specific pleadings is sustained. Plaintiff is instructed to file an amended complaint in compliance with this order within 20 days of the filing hereof.

Eo die, exceptions noted to plaintiff and to defendant Winterhalter.