## Wamsley Pontiac v. Glassow

*Armin J. Frost,* for plaintiff.
*John S. Neal, Jr.,* for defendant.

BIESTER, P. J., May 6, 1969.—This matter is before the court en banc by reason of plaintiff's request for summary judgment in conformity with Pennsylvania Rule of Civil Procedure 1035 under the contention that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

On June 2, 1964, plaintiff, under the terms of a bailment agreement, leased unto defendant a 1964 Pontiac four-door sedan. When defendant returned the car on June 8, 1964, it was so damaged as to require repairs having a reasonable value of $613.42,

and it was for this sum that plaintiff instituted suit against defendant.

At the time the car was delivered to defendant, a car rental agreement was entered into, the construction of its terms being the matter in legal controversy. The contract provides, inter alia, that the bailee acknowledges receipt of the vehicle in "good and safe mechanical condition and agrees to return the vehicle in the same condition as received, ordinary wear and tear excepted." An additional clause provides as follows:

"I understand there is no physical damage insurance enuring to my benefit on said vehicle while it is in my possession and therefore I agree to pay to Dealer a sum equal to the cost of repair of all damages to said vehicle during the rental period thereof."

Plaintiff contends that, by reason of the last stated clause, the liability of the bailee is established by his admission of damage to the vehicle while in his possession, whereas defendant argues that there is a contradiction between the two clauses referred to and that, under the terms of the contract, defendant did not become legally responsible unless the damage to the vehicle is attributable to his negligence.

In the absence of an express provision to the contrary, every contract of bailment contains an implied covenant that the bailee will take reasonable care of the property hired and only in the event there is negligence on the part of the bailee while he has custody of the property will an action lie for a breach of such an implied covenant. The first clause adverted to does not enlarge or increase his obligation to return the article in the same condition as when received. See Loeb v. Ferber, 346 Pa. 348; McCoy v. The Home Insurance Co., 170 Pa. Superior Ct. 38, 43. The rationale behind the rule is that:

"When language is used which does no more than express in terms the same obligation which the law raises from the facts of the transaction itself, the party using the language is no further bound than he would have been without it": Loeb v. Ferber, supra, p. 350.

This rule, however, does not preclude the parties, by the express terms of a contract, from enlarging upon the responsibility of the bailee, or lessee, as the case may be. Parties sui juris are free to make their own contracts, which, in the absence of fraud, accident or mistake, the courts will interpret as written without regard to the wisdom or folly thereof except as to unconscionable provisions: Hoy v. Holt, 91 Pa. 88, 90-2; McKinley v. C. Jutte & Company, 230 Pa. 122; Platt v. Philadelphia, 183 Pa. Superior Ct. 486, 492; Geyer v. Challenger Trailers, Inc., 16 D. & C. 2d 61, 63.

The respective rights and obligations which the words of a contract clearly express are the rights and obligations which the court must recognize and enforce and, in determining the intent of the parties to a written agreement, we look to what they have clearly expressed, for the law does not assume the language of the contract was chosen carelessly: Daniels v. Bethlehem Mines Corporation, 391 Pa. 195, 202-3.

The case of J. E. Faltin Motor Transportation, Inc. v. Eazor Express, Inc., 273 F. 2d 444, is closely analogous to the problem now before us. In that case, defendant became bailee of a trailer belonging to plaintiff. While it was in defendant's possession it was completely destroyed by fire. Plaintiff contended that defendant-bailee was absolutely liable for the loss of the trailer while in its possession because of the terms of the contract. Defendant denied this liability and said that its responsibility was limited to a bailee's common-law liability for negligence.

Amongst the provisions of the contract was the following:

"1. The undersigned carriers enter into this agreement governing their relationship with respect to Interchange of trailers; provided however, that no provision in this contract shall be construed to increase the legal liability of any party hereto."

But paragraph 3.5 provided that the carrier acquiring use of an interchange trailer "agrees to hold the carrier initially furnishing the trailer harmless for any loss or damage thereto . . . arising out of the . . . possession of said trailer, or arising from any other cause."

The court there held that such provisions were not inconsistent, that bailee's common-law liability for negligence had no application, and that it was absolutely liable. Otherwise, says the court, the language of the parties would be meaningless and absurd.

We reach the same conclusion in this case. We find that defendant's liability was fixed by the term of the contract under which he agreed to pay to the dealer a sum equal to the cost of repair of damages to the vehicle while the vehicle was in bailee-defendant's possession. In reaching this result, we are not unmindful that such a summary judgment should be entered only in clear cases, but find that the express terms of the agreement are completely unambiguous and that the law on the subject is clear.

In accordance with the views hereinabove expressed, the court makes the following

## ORDER

And now, to wit, May 6, 1969, judgment is directed to be entered in favor of plaintiff, Paul Kaiser, t/a Wamsley Pontiac, and against defendant, Soren Glassow, in the sum of $613.42.