# Marron *v.* Stieren, Appellant.

*Affidavit of defense—Insufficient averments—Evasive denials—Contracts.*

1. In an action by a maker of a note against one of the three other joint makers thereof, who had agreed that in the event of the plaintiff having to pay the face of the note and the other two makers not being of ability to contribute thereto, the defendant would be responsible for one-half of the note, an affidavit of defense is evasive and insufficient which merely denies that the other two makers were not of ability to contribute and fails to set up any affirmative defense.

2. In such case where the alleged forgiveness of such debt was without consideration it is not binding.

Argued Oct. 22, 1915. Appeal, No. 146, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 2040, for plaintiff for want of a sufficient affidavit of defense in case of Mary Gertrude Marron, administratrix of the Estate of John Marron, deceased, v. William M. Stieren. Before BROWN, C. J., MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit on written contract.

John Marron, W. W. Weiss, H. H. Von Schlick and William M. Stieren entered into an agreement to buy 45,000 shares of stock of a corporation and for that purpose a joint note was given by the four parties to the contract. The agreement provided "that in the event that the said John Marron shall have to pay the face of said note, and if the said W. W. Weiss and H. H. Von Schlick shall not be of ability to contribute thereto, the said William M. Stieren shall be liable and responsible for one-half of said note and interest thereon." Subsequently Marron paid the note. This is an action by his administratrix to recover from William M. Stieren one-half of the amount paid by Marron.

Further facts appear in the following opinion of MAC-FARLANE, J., sur plaintiff's rule for judgment for want of a sufficient affidavit of defense:

The averment that Weiss and Von Schlick were not of ability to contribute at the time of payment and have not since been able to pay is a necessary part of the plaintiff's case. The condition in the agreement on which plaintiff sues is "that in the event that the said John Marron shall have to pay the face of said note and that the said W. W. Weiss and H. H. Von Schlick shall not be of ability to contribute thereto the said William M. Stieren shall be liable and responsible for one-half (½) of said note and the interest thereon." The defendant does not set up an affirmative defense and a denial would be sufficient if it was as full as the averment in the statement. It "denies that the said Weiss and Von Schlick were not of ability to contribute" and this is evasive.

The action of assumpsit lies: Meason v. Kaine, 63 Pa. 335. While the payment was not made on the original note, the right of action accrued in 1912 when Mr. Marron paid a renewal. The alleged forgiveness of the debt was without consideration and not binding. Neither is the claim that the defendant was not liable for inter-

est, nor does the affidavit set out any foundation of fact therefor.   His contract plainly is for interest.

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was in making absolute the judgment for want of a sufficient affidavit of defense.

*George H. Rankin,* for appellant.

*F. C. McGirr,* for appellee.

PER CURIAM, January 3, 1916:

The court below correctly held that the appellant's affidavit of defense was evasive of the material averment in plaintiff's statement that Weiss and Von Schlick "were not of ability to contribute to the payment" of the note referred to in the agreement upon which suit was brought.   The judgment is affirmed on the opinion making the rule for it absolute.