Elliott-Rowland Corp. *v.* Arcway Realty Co., Inc., Appellant.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Donald S. Waters,* for appellant.

*Robert B. Wolf,* with him *Leon Solis-Cohen, Jr., Daniel C. Cohen,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY WOODSIDE, J., November 16, 1955.

This is an action in assumpsit to recover the purchase price of certain machinery and equipment sold and delivered by the plaintiff to the defendant for an agreed price of $500. The defendant claims it is not liable because of an oral release.

The following facts, about which there seems to be no dispute, are important as background to an understanding of the matters before us.

A written lease for a portion of certain premises in Philadelphia was executed by the defendant as lessor

and the plaintiff as lessee on January 12, 1950 for a term of five years.

In May 1953 the parties carried on negotiations relating to the termination of the lease.[1] The defendant wrote a letter to the plaintiff dated May 14, 1953 containing inter alia the following:

"This will confirm my conversation with you today when I advised you that it had been agreed between the parties that the leases between Arcway Realty Co., as lessor, and Elliott-Rowland Corp., as lessee, shall be terminated as of midnight on May 31, 1953, and that the lessee shall vacate the leased premises as of that date. It was further agreed that upon the lessee's vacation and surrender of the leased premises in accordance with this agreement all claims, rights, and obligations of both lessor and lessee shall be released and terminated."

The plaintiff then wrote the defendant a letter dated May 29, 1953 containing inter alia the following:

"This will confirm our agreement to the effect that your letter of May 14, 1953 to me does not represent the agreement of the parties, but that this letter shall constitute a legally binding agreement between the Elliott Rowland Corporation and you.

"All leases between the parties shall terminate as of May 31, 1953. You acknowledge receipt of the premises and do release Elliott Rowland Corporation of any and all claim for any payments which are due or which may become due under the said lease. In addition, you will permit the Elliott Rowland Corporation to remain in such portion of the premises as it

---

[1] Both parties being corporations, these negotiations were carried on by attorneys, agents and officers, but as the authority of the various individuals involved is not questioned here and is not important to the determination of this case no reference is made to them as individuals.

is now using until midnight, June 14, 1953, without any obligation to pay rent or make any other payment in connection with this occupancy.

"The leases which are the subject of our agreement are the following:

(1) Lease dated January 12, 1950, expiring January 31, 1955;

(2) Addendum to lease of January 12, 1950, also expiring January 31, 1955, and

(3) Lease dated May 23, 1950, expiring January 31, 1955, which constitute all of the leases between the two companies.

"We would appreciate your acknowledging and confirming, on behalf of the lessor, the agreement above set forth by endorsing and returning the copy of this letter which is enclosed for that purpose."

The defendant wrote on a copy of this letter "approved," executed it, and returned it to the plaintiff.

To the plaintiff's complaint in assumpsit, the defendant filed an answer, new matter and counterclaim. It alleged in its new matter that the parties had entered into an oral agreement May 14, 1953 whereby all claims between them should be released and that this was reduced to writing in the form of the first letter to which we have referred above, and which it attached to its pleadings as "Exhibit B". It further alleged that "for a second time" the parties orally agreed on May 29th that all claims between the parties be released, and that a portion of this oral agreement was reduced to writing in the form of the second letter referred to above, which it attached to its pleadings as "Exhibit C". It admitted that "prior to the agreement of May 29, 1953 it was obligated to the plaintiff in the sum of $500 for tools and $260.07 for labor," but alleged these were "satisfied by virtue of the oral agreement of May 29, 1953."

In its counterclaim it seeks to recover $250;—$150 for removing rubbish left in the premises by the plaintiff when it vacated and $100 for damage to the floor of the building caused by the plaintiff.

Plaintiff filed a demurrer and preliminary objections to defendant's new matter and counterclaim, and a motion to make more specific defendant's counterclaim.

The lower court sustained the plaintiff's preliminary objections to the new matter but overruled those made to the counterclaim with leave to file reply. The defendant appealed.

As stated above the defendant averred that the oral agreement of May 14, 1953 "was reduced to writing in the form of a letter," which it attached as "Exhibit B". It is clear from the second letter (Exhibit C), that the parties agreed that first letter (Exhibit B), did not represent a binding contract. The second letter was executed by the parties and does represent a binding written contract.

If there is any inconsistency between averments in the defendant's pleadings and the letters attached to them as exhibits the latter prevail. *McCoy v. The Home Insurance Co.*, 170 Pa. Superior Ct. 38, 84 A. 2d 249 (1941); *Greek Catholic Congregation of Olyphant Borough v. Plummer*, 338 Pa. 373, 380, 12 A. 2d 435 (1940); *Cohen v. Carol*, 153 Pa. Superior Ct. 596, 598, 35 A. 2d 92 (1943).

The second letter as we read it, differed in two important particulars from the first letter; it permitted the lessee to remain in a part of the lessor's premises for 15 days after the termination of the lease without liability for rent, and it omitted what was said in the first letter about the claims, rights and obligations of the *lessor* being released and terminated. Whether the purported release of the lessor's obligation in the first

letter related to the claims for which this action is brought, or only to claims arising out of the landlord-tenant relationship is a matter of no concern to us here, since the second, and not the first letter, shows on its face that it represents the contract between the parties.

The defendant is claiming a release of the $500 indebtedness. This release must be supported by a valid consideration. *Marron v. Stieren*, 252 Pa. 185, 186, 97 A. 181 (1916); *Fried v. Fisher*, 328 Pa. 497, 500, 196 A. 39 (1938).

If the consideration is the mutual release of all claims which "was reduced to writing" as claimed by the defendant, then we must look to "Exhibit C" to find it. An examination of that letter reveals no such release. This the defendant admits for it claims the release by virtue of an oral agreement of May 29, 1953.

Defendant does not allege fraud, accident or mistake as to the letter marked "Exhibit C". Therefore, it cannot vary or change the terms of that agreement by parol evidence. *Seaboard Radio Broadcasting Corporation v. Yassky*, 176 Pa. Superior Ct. 453, 107 A. 2d 618 (1954); *Bessen Bros., Inc. v. Brooks*, 176 Pa. Superior Ct. 430, 107 A. 2d 623 (1954).

If there were an independent oral agreement not related to the real estate lease, it would be necessary to support such agreement by an allegation of consideration. The defendant's pleadings do not contain such allegation.

The defendant finds itself in this situation: It received merchandise for which it became indebted to the plaintiff in the sum of $500; it has not paid this indebtedness; it gave no consideration for the alleged release from paying this indebtedness, unless such consideration can be found in a mutual release of the liabilities of the parties under a real estate lease; this

release was reduced to writing; in the writing nothing can be found which releases the defendant from his liability to pay for the merchandise; as to the writing no fraud, accident or mistake is claimed by the defendant and therefore its terms cannot be varied by parol evidence.

Thus the defendant's pleadings do not set forth a legal release of the plaintiff's claim and the preliminary objections of the plaintiff to the defendant's new matter were properly sustained.

Order affirmed.